The court incorporates by reference in this paragraph and adopts as the findings and orders of this court the document set forth below. This document was signed electronically on April 25, 2022, which may be different from its entry on the record.

IT IS SO ORDERED.

Dated: April 25, 2022



ARTHUR I. HARRIS
UNITED STATES BANKRUPTCY JUDGE

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| In re: | ) | Chapter 7 |
| | ) | |
| GUERINO & CRYSTAL L. CONTE, | ) | Case No. 21-13189 |
| Debtors. | ) | |
| | ) | Judge Arthur I. Harris |
| | ) | |
| | ) | |
| GBAZ, INC., | ) | Adversary Proceeding |
| Plaintiff. | ) | No. 21-1078 |
| | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| CRYSTAL L. CONTE, *et al*., | ) | |
| Defendants. | ) | |

MEMORANDUM OF OPINION[1]

On December 17, 2021, the plaintiff-creditor Gbaz, Inc. filed a document, which it called an "Adversary Proceeding Complaint," seeking to have this Court

---

[1] This Opinion is not intended for official publication.

determine that a state court judgment entered against the debtor-defendants is nondischargeable under 11 U.S.C. § 523(a)(2)(B). The debtor-defendants contend that this adversary proceeding must be dismissed as untimely because the document filed on December 17, 2021, did not comply with the electronic filing procedures for initiating an adversary proceeding and because the document that did comply with the electronic filing procedures was not filed until after the December 17, 2021, deadline under Bankruptcy Rule 4007(c). For the reasons that follow, the debtors' motion to dismiss the adversary complaint as untimely is denied.

## JURISDICTION

This is a core proceeding under 28 U.S.C. § 157(b)(2)(I) and (J). The Court has jurisdiction over core proceedings under 28 U.S.C. §§ 1334 and 157(a) and Local General Order 2012-7 of the United States District Court for the Northern District of Ohio.

## BACKGROUND AND PROCEDURAL HISTORY

On September 20, 2021, the debtors filed a Chapter 7 bankruptcy petition (Case No. 21-13189, Docket No. 1). The § 341 meeting of creditors was scheduled for October 18, 2021 (Case No. 21-13189, Docket No. 2). The date of § 341 meeting of creditors triggers the deadline for filing certain causes of action—

including nondischargeability actions under § 523(c). Fed. R. Bankr. P. 4007(c). The parties do not dispute that the deadline to file actions under § 523(c) was December 17, 2021. On December 17, 2021, Gbaz filed a document which it called an "Adversary Proceeding Complaint" in the main bankruptcy case requesting relief under § 523(a)(2)(B) based on representations the debtors made in their franchise application and accompanying personal financial statement (Case No. 21-13189, Docket Nos. 15, 16). The document appears to comply with Bankruptcy Rules 7001, 7007, and 7010; however, the document was not docketed as an adversary complaint. Apparently, the attorney for the creditor-plaintiff selected an incorrect event code, and the docket entry itself was labeled as a "Third-Party Complaint" rather than generating a new adversary proceeding. On December 20, 2021, the Court issued a notice of filing deficiency stating that Gbaz needed to open an adversary proceeding (Case No. 21-13189, Docket No. 17). On December 20, 2021, Gbaz opened an adversary proceeding by refiling the complaint and paying the filing fee. (Adv. Proc. No. 21-1078, Docket No 1). On December 29, 2021, the debtors received a discharge in their main bankruptcy case (Case No. 21-13189, Docket No. 21). On January 24, 2022, the Court granted the debtors' agreed upon motion for a 30-day extension to answer or otherwise plead and adjourned the initial pretrial conference to March 1, 2022 (Adv. Proc.

No. 21-1078, Docket No. 4). On February 22, 2022, the debtors filed an answer to Gbaz's complaint (Adv. Proc. No. 21-1078 , Docket No. 6) as well as a motion to dismiss the adversary proceeding alleging that because Gbaz did not open an adversary proceeding by December 17, 2021, the complaint objecting to the dischargeability of a debt owed to Gbaz by the debtors is time barred under Bankruptcy Rule 4007(c) (Adv. Proc. No. 21-1078, Docket No. 7). On March 4, 2022, Gbaz filed a response to the debtors' motion to dismiss. While acknowledging that its attorney made a mistake in docketing the original complaint, Gbaz asserts that the adversary complaint should be treated as timely because the original complaint was filed before the deadline, counsel worked to cure any deficiency immediately upon receiving a deficiency notice, and debtors received timely notice of the claims against them (Adv. Proc. No. 21-1078, Docket No. 9).

DISCUSSION

Federal Rule of Bankruptcy Procedure 4007(c) sets the deadline for filing certain actions to determine the dischargeability of debts under § 523(c). Fed. R. Bankr. P. 4007(c). Section 523(c) encompasses causes of action to determine a debt nondischargeable under § 523(a)(2), (a)(4), and (a)(6). 11 U.S.C. § 523(c)(1). Rule 4007(c) states in pertinent part:

4

> Except as provided in subdivision (d), a complaint to determine dischargeability of a debt under §523(c) shall be filed no later than 60 days after the first date set for the meeting of creditors under § 341(a). . . . On motion of a party in interest, after hearing on notice, the court may for cause extend the time fixed under this subdivision. The motion shall be filed before the time has expired.

Fed. R. Bankr. P. 4007(c). Federal Rule of Bankruptcy Procedure 9006(b)(3) states that the Court may enlarge the time for taking action under Rule 4007(c) "only to the extent and under the conditions stated" in Rule 4007(c). Fed. R. Bankr. P. 9006(b)(3).

*Analysis under* Maughan *and Equitable Tolling*

The Sixth Circuit has held that the filing deadline under Rule 4007(c) is not jurisdictional and remains subject to equitable defenses including equitable tolling. *See Nardei v. Maughan* (*In re Maughan*), 340 F.3d 337, 343–44 (6th Cir. 2004) ("[t]he rule is a statute of limitation—or simply a deadline—that is generally subject to the defenses of waiver, estoppel, and equitable tolling"), *citing*, *United States v. Locke*, 471 U.S. 84, 94 n.10 (1985); *see also In re Doyne*, 520 B.R. 566, 570 (B.A.P. 6th Cir. 2014) (same); *In re Sadlon*, 595 B.R. 260, 267 (Bankr. S.D. Ohio 2018) (deadline could be equitably tolled where creditor filed an objection within the deadline and acted promptly to fix a filing defect by filing an adversary complaint one day after the deadline).

5

On the other hand, other courts treat Rule 4007(c) as jurisdictional and not subject to equitable defenses such as equitable tolling.  *See Anwar v. Johnson*, 720 F.3d 1183, 1187 (9th Cir. 2013) ("Because granting Anwar a retroactive extension of the filing deadline would conflict with the plain language of Fed. R. Bankr. P. 4007(c) and 9006(b)(3), the bankruptcy court could not rely on its equitable powers to do so."); *In re Harper*, 489 B.R. 251, 255–56 (Bankr. N.D. Ga. 2013) ("Although other Circuits have recognized equitable tolling in the context of Rule 4007(c), the Eleventh Circuit has held that the Rule 4007 time restriction is not subject to such an equitable remedy."), *citing*, *Byrd v. Alton* (*In re Alton*), 837 F.2d 457 (11th Cir. 1988).

The United States Supreme Court has acknowledged this split in authority by stating that Rule 4004 of the Bankruptcy Code is not jurisdictional and later comparing Rule 4004 to Rule 4007(c) but declining to address whether equitable tolling applies because the parties failed to raise the issue.  *See Kontrick v. Ryan*, 540 U.S. 443, 448 n.3, 457 (2004).  Recently, the Sixth Circuit has addressed the case law surrounding rule-based deadlines and stated that "rule-based deadlines are jurisdictional when they implement an appeal deadline created by Congress. Otherwise, they are not." *In re Tennial*, 978 F.3d 1022, 1026 (6th Cir. 2020).

6

Here, the Court will treat Bankruptcy Rule 4007(c) as not jurisdictional in nature and subject to equitable defenses such as equitable tolling.

In *Maughan*, the Sixth Circuit laid out five factors for a bankruptcy court to consider when deciding to apply the doctrine of equitable tolling:

> The factors are: (1) lack of actual notice of filing requirement; (2) lack of constructive knowledge of filing requirement; (3) diligence in pursuing one's rights; (4) absence of prejudice to the defendant; and (5) a plaintiff's reasonableness in remaining ignorant of the notice requirement.

340 F.3d at 344. Here, Gbaz, like the plaintiffs in *Maughan* and *Sadlon*, did not claim any lack of notice or knowledge of the filing deadline. *See Sadlon*, 595 B.R. at 266–67. Therefore, the "inquiry must focus on the diligence used by the plaintiff in pursuing its rights and the resulting prejudice, if any, to the defendant." *See Maughan*, 340 F.3d at 344, *citing*, *First Bank System v. Begue* (*In re Begue*), 176 BR 801, 804 (Bankr. N.D. Ohio 1995).

Gbaz's first attempt to file the complaint was timely in the main bankruptcy case on Friday, December 17, 2021. Case No. 21-13189, Docket Nos. 15, 16. Gbaz did not realize its mistake until the Court issued a notice of deficiency on Monday, December 20, 2021. Case No. 21-13189, Docket No. 17. Gbaz, upon realizing its mistake, promptly opened an adversary proceeding on December 20, 2021—the same day Gbaz received the notice of deficiency. Case No. 21-13189, Docket No. 18. Here, the situation in this case mirrors that of the creditor in

7

21-01078-aih    Doc 11    FILED 04/25/22    ENTERED 04/25/22 11:35:08    Page 7 of 13

*Sadlon*. Gbaz worked to assert its rights by filing an adversary complaint in the main bankruptcy case prior to December 17, 2021—the deadline established by Rule 4007(c) in this case. *See Sadlon*, 595 B.R. at 267 (Gbaz's first attempt was even closer to compliance with the rules than the creditor in *Sadlon*. Gbaz's first attempt was procedurally sound in that Gbaz filed an adversary complaint whereas the creditor in *Sadlon* made a procedural mistake by filing an objection.).

Next, the Court examines whether resulting prejudice, if any, should prevent the application of equitable tolling to the deadline in Rule 4007(c). Here, the debtors were provided with notice by the first filing in the main bankruptcy case. Furthermore, the debtors requested a 30-day extension in the opened adversary proceeding to answer or otherwise plead with Gbaz's consent. Adv. Proc. No. 21-1078, Docket No. 3. These facts indicate that the application of equitable tolling to the deadline in 4007(c) will not prejudice the debtors in a way which would prevent the Court from determining that the December 20, 2021, filing is timely. *See First Financial Bank, N.A. v. Forsythe* (*In re Forsythe*), 2005 WL 4041162 at *4 (Bankr. S.D. Ohio May 24, 2005) (concluding that a plaintiff who acted diligently within the deadline and corrected electronic filing mistakes promptly did not cause any "meaningful delay" prejudicial to debtors).

8

Debtors point to a multitude of cases to support their motion to dismiss, but none appear to be directly on point. First, debtors cite cases where creditors attempting to assert their rights did not file any documents on time and simply filed late asserting various excuses to the court. *See, e.g.*, *Ohio Farmers Ins. Co. v. Leet* (*In re Leet*), 274 B.R. 695 (B.A.P. 6th Cir. 2002); *Martin v. Thompson* (*In re Thompson*) No. 1:18-ap-1018-SDR, 2018 Bankr. LEXIS 2429 (Bankr. E.D. Tenn. Aug. 15, 2018); *In re Hannen*, 383 B.R. 683 (Bankr. N.D. Ohio 2008); *Mittman v. Casey* (*In re Casey*), 329 B.R. 43 (Bankr. S.D. Ohio 2005); *In re Peacock*, 129 B.R. 290 (Bankr. M.D. Fla. 1991). Debtors also cite *In re Winkler* which is a closer case where the debtor timely filed an objection to discharge rather than a complaint in the main case. *See Fifth Third Bank v. Winkler* (*In re Winkler*), No. 09-01110, (Bankr. S.D. Ohio Oct. 26, 2009). The court in *Winkler* decided an objection to discharge filed in the main case was procedurally deficient and declined to equitably toll the deadline. *See id*. *Sadlon*, a case very similar to *Winkler* and decided later, declined to use this distinction as a reason to dismiss the complaint filed after the deadline. *See Sadlon*, 595 B.R. at 267–68. Here, Gbaz was closer to compliance than the creditors in *Sadlon* and *Winkler* by first filing an adversary complaint which is the procedurally correct way for a creditor to object

9

to discharge. If not for an electronic filing error by Gbaz, this case would have been properly opened as an adversary proceeding before the deadline.

Therefore, to the extent that the "Adversary Proceeding Complaint" filed on December 17, 2021, was procedurally deficient, the Court will treat the corrected filing on December 20, 2021, as timely filed under the principles of equitable tolling and *Maughan* and deny the debtors' motion to dismiss.

*Alternate Analysis under the Bankruptcy Rules*

Although the parties have not raised this alternative argument, the Court believes that Gbaz's adversary complaint can be considered timely-filed under the Bankruptcy Rules, without resorting to equitable tolling or other judge-made principles. Under this rules-only approach, the filing of the adversary complaint on December 17, 2021, is deemed timely, despite Gbaz using an incorrect event code that failed to generate a new adversary proceeding on the Court's docket. *See* Fed. R. Bankr. P. 9029(a)(2) ("A local rule imposing a requirement of form shall not be enforced in a manner that causes a party to lose rights because of a nonwillful failure to comply with the requirement.").

This provision of Bankruptcy Rule 9029 is similar to other rule provisions intended to avoid unnecessarily harsh consequences for minor errors in filing. *See, e.g.*, Fed. R. Bankr. P. 5005(a) ("clerk shall not refuse to accept for filing any

10

petition or other paper presented for the purpose of filing solely because it is not presented in proper form as required by these rules or any local rules or practices"); Fed. R. Bankr. P. 5005(c) ("In the interest of justice, the court may order that a paper erroneously delivered [to entities other than the clerk, such as the United States Trustee, the trustee, or the attorney for the trustee] shall be deemed filed with the clerk . . . as of the date of its original delivery."); Fed. R. Bankr. P. 8011(a)(3) (clerk must not refuse to accept for filing any document transmitted for that purpose solely because it is not presented in proper form as required by these rules or by any local rule or practice).

Under Bankruptcy Rules 7003 and 9002(1), an "adversary proceeding" is commenced by filing a complaint with the Court. This is precisely what Gbaz did by filing the document captioned "Adversary Complaint" but docketed as "Third Party Complaint" on December 17, 2021. Although the complaint was filed under the wrong electronic filing event code, the nonwillful failure to follow a local rule or procedure is not grounds for dismissal under the Bankruptcy Rules. *See* Fed. R. Bankr. P. 9029(a)(2). Furthermore, the complaint filed on December 17, 2021, appears to substantially conform with the requirements of Bankruptcy Rules 7008 and 7010 for adversary complaints: *e.g.*, proper caption, claim for relief, numbered paragraphs, etc.

11

The undersigned judge is old enough to remember the days before electronic filing when all papers were presented for filing over the counter to the clerk. The clerk would then use a typewriter to type a docket entry on heavy cardstock—the docket sheet(s) for the specific case or adversary proceeding. The adoption of electronic filing has made it possible for the clerk's office to maintain computerized dockets for many more cases and with far fewer personnel, in part by having electronic filers essentially create their own docket entries, subject to quality review by the clerk. Had the creditor-plaintiff presented the same PDF document that was filed on December 17, 2021, in a world before electronic filing, no one would deem such a filing as deficient or untimely. The proper docketing of the filing would be task for the clerk, not the attorney.

Therefore, under the bankruptcy rules described above, as well as Bankruptcy Rule 7015, the corrected filing on December 20, 2021, could also be construed as an amended complaint that relates back to the timely original adversary complaint filed on December 17, 2021. Accordingly, whether the debtors' motion to dismiss is analyzed under equitable tolling principles and *Maughan* or under the bankruptcy rules themselves, the result is the same, and the debtors' motion to dismiss is denied.

CONCLUSION

For the reasons stated above, the Court denies the debtors' motion to dismiss. The Court will hold a pretrial conference at **1:30 P.M. on May 10, 2022**.

IT IS SO ORDERED.